IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| VERITAS VINCIT, LLC, JOHN BERRY DEAN III, JACOB F WATTERS, | § § § § § | |
| Plaintiffs, | § § | |
| v. | § § | CIVIL ACTION NO. 4:24-CV-00079-JRG |
| FRED ALAN BROWN, CHARLES DURHAM, BIRNAM CAPITAL, LLC, | § § § § § § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is the Motion to Compel the Durham Defendants to Produce Documents Improperly Withheld as Privileged (the "Motion to Compel") (Dkt. No. 93) and the Motion for Leave to File Motion to Compel (the "Motion for Leave") (Dkt. No. 92) filed by Plaintiffs Veritas Vincit, LLC and William Berry Dean, III ("Plaintiffs").

### I.  FACTUAL BACKGROUND

During discovery in this case, Plaintiffs served requests for production on Charles Durham and Birnam Capital, LLC (the "Durham Defendants"). (Dkt. No. 93 at 1). In response to those requests, the Durham Defendants served a privilege log identifying 2,274 documents (the "Withheld Documents") withheld from production on the basis of privilege claims by Reticulum Management, LLC ("Reticulum"), a company owned by Defendant Fred Alan Brown. (*Id.*). On April 1, 2024, Reticulum was sold at an auction by the trustee of Defendant Brown's bankruptcy estate to non-party Fiduciario, LLC ("Fiduciario"). (Dkt. No. 93 at 1-2). Two days later, on April 3, 2024, Plaintiffs requested that the Durham Defendants promptly produce the Withheld

Documents. (*Id.*). Attached to this request was a letter from Reticulum that directed the Durham Defendants to produce the Withheld Documents and waived Reticulum's privilege claims over the same:

> April 3, 2024
>
> To Whom It May Concern:
>
> As of April 1, 2024, Fiduciario, LLC owns Reticulum Management, LLC.
>
> Please accept this letter as a directive and consent for you and your law firm to produce any and all materials disclosed on any privilege log served on behalf of Charles William Durham, II relating to the cases styled *Veritas Vincit, LLC et al. v. Fred Alan Brown et al.*, Cause No. DC-21-17503 (14th Judicial District, Dallas County, Texas) and *Veritas Vincit, LLC et al. v. Fred Alan Brown et al.*, Case 4:24-cv-00079-JRG (E.D. Tex.) that have been withheld on account of any purported privilege held by Reticulum Management, LLC.
>
> Reticulum Management, LLC waives any privilege, including but not limited to the attorney-client privilege, common-interest privilege, and/or attorney-work product privilege, over the materials listed on any such log.
>
> Sincerely,
>
> RETICULUM MANAGEMENT, LLC

(Dkt. No. 93-1 at 3 (highlighting added by Plaintiffs)). Despite negotiations between the parties regarding the timing of production, to date the Durham Defendants have not produced any of the Withheld Documents. (Dkt. No. 93 at 2). Plaintiffs now bring their Motion for Leave and Motion to Compel to obtain the Withheld Documents.

## II.    MOTION FOR LEAVE

In the Motion for Leave, Plaintiffs seek leave to file their Motion to Compel to obtain "2,274 highly relevant documents [withheld from production] based on a claim of privilege belonging to Defendant Reticulum." (Dkt. No. 92 at 1). Plaintiffs represent that good cause[1] exists for allowing their Motion to Compel to be filed after the deadline for such motions. Courts consider

---

[1] Federal Rule of Civil Procedure 16(b)(4) provides that "[a] schedule may be modified only for good cause and with the judge's consent." FED. R. CIV. P. 16(b)(4).

2

four factors under the good cause standard: "(1) the explanation for the failure to meet the deadline; (2) the importance of the thing that would be excluded; (3) potential prejudice in allowing the thing that would be excluded; and (4) the availability of a continuance to cure such prejudice." *See, e.g., Uniloc 2017 LLC v. Google LLC*, 2:18-cv-493-JRG-RSP, 2019 WL 6465318, at *1 (E.D. Tex. Dec. 2, 2019).

### A. Explanation for the Delay

With respect to the explanation for their delay, Plaintiffs contend they have been "extremely diligent" because: (1) Fiduciario ("a third party associated with Plaintiffs") purchased Reticulum at auction on April 1, 2024; (2) two days after the auction, Reticulum, for the first time, waived privilege; and (3) that same day Plaintiffs notified the Durham Defendants of Reticulum's waiver and requested the production of the Withheld Documents. (Dkt. No. 92 at 2). Plaintiffs contend that "[i]t was only after May 3, 2024, when the Durham Defendants reneged on their agreement [to review the logged documents and supplement their production], that this dispute first arose." (*Id.*). Plaintiffs sought the Court's intervention six days later. *See* (Dkt. No. 47).

In response, the Durham Defendants principally argue that "Reticulum could have waived privilege prior to the end of the discovery period," but "it did not." (Dkt. No. 100 at 4). The Durham Defendants next contend that Plaintiffs could have challenged the privilege designations or brought the Motion to Compel at an earlier time in the case but they did not. (*Id.*).

The Court finds that Plaintiffs have provided sufficient explanation for bringing their Motion to Compel out of time. Given the timeline expounded above, the Court finds that Plaintiffs have diligently worked to resolve this issue since Reticulum was purchased by Fiduciario and the purported waiver of Reticulum's privilege was effected. It is irrelevant whether "Reticulum could have waived privilege prior to the end of the discovery period," as it is Plaintiffs' diligence assessed

3

under this factor, not Reticulum's. The Durham Defendants' remaining arguments that Plaintiffs could have somehow brought this dispute to the Court earlier are simply not credible, as it was not until Reticulum was purchased and a waiver of privilege was made on April 3, 2024 that any claim to these purportedly privileged documents could be brought by Plaintiffs.

### B. Importance of the Motion to Compel

Plaintiffs contend that "the withheld documents are exceptionally important" as "the relevant privilege log indicates that the documents relate to the underlying proceedings that form the basis of Plaintiffs' malicious prosecution claims." (Dkt. No. 92 at 2). Furthermore, Plaintiffs note that "[w]hile Reticulum's former law firms have acknowledged Reticulum's privilege waiver by producing some of the communications that the Durham Defendants are presently withholding, it appears as if the Durham Defendants are the ***sole*** parties in possession of over 1,000 of the withheld documents." (*Id.*). In response, the Durham Defendants do not address the importance of the Withheld Documents. *See* (Dkt. No. 100). In any event, the Court agrees with Plaintiffs that these Withheld Documents are potentially important as they may provide evidence tending to prove or disprove Plaintiffs' claims for malicious prosecution. As such, the Court finds that the potential importance of the Withheld Documents weighs in favor of granting Plaintiffs leave to file the Motion to Compel.

### C. Potential Prejudice in Allowing the Motion to Compel

Plaintiffs argue that "no party will suffer prejudice if the Court grants Plaintiffs leave to file their motion to compel" as "[t]he Durham Defendants have previously briefed the issue and Plaintiffs will consent to any request they make to have that prior briefing deemed 'live' and applicable to Plaintiffs' contemplated motion to compel." (Dkt. No. 92 at 3). Plaintiffs further argue that "[n]or will any party suffer prejudice if the Court ultimately grants Plaintiffs' motion to

4

compel" as "the Durham Defendants have had the logged materials for years and they do not need discovery on their own communications." (*Id.*).

In response, the Durham Defendants argue that they would be prejudiced if leave were granted for Plaintiffs to file the Motion to Compel because "briefing on the issue would likely not be ripe until only a month before trial and further likely require in-camera review of potentially hundreds of documents." (Dkt. No. 100 at 5).

The Court finds that the potential prejudice to the Durham Defendants is minimal and that this factor favors granting Plaintiffs leave. First, the parties have previously briefed this issue[2], and no additional briefing is necessary as Plaintiffs have agreed to treat as live the Durham Defendants' prior briefing (which exceeded the page limits). Second, for the reasons discussed below (*see infra* § III.A), the Court sees no reason that resolving the Motion to Compel would require extensive in-camera review. The Durham Defendants certainly provide no such reason. As such, the Court finds that this factor favors granting Plaintiffs leave to file their Motion to Compel.

### D. Availability of a Continuance to Cure the Prejudice

Plaintiffs contend that "a continuance is not necessary if the Court grants Plaintiffs leave to file their motion to compel and ultimately grants this motion," and Plaintiffs "agree not to seek a continuance of the trial date (or any other case deadline) should the Court ultimately order production of the withheld materials." (Dkt. No. 92 at 3). The Durham Defendants do not directly address the availability of continuance, but they do argue that "[n]ew untimely privilege determinations may even affect the trial date in the likely event that they impact witness testimony." (Dkt. No. 100 at 5). The Court finds the Durham Defendants' reasoning to be mere

---

[2] The Court denied without prejudice the prior-filed motion to compel because the parties failed to abide by the Court's rules regarding page limits, exhibits, and additional briefing without leave of the Court. *See* (Dkt. No. 89).

5

speculation and affords it little weights. In view of Plaintiffs' representation that they will not seek any continuances based on the disposition of the Motion to Compel, the Court finds that this factor favors granting leave.

### E. Conclusion

Having considered the Motion for Leave, and having found that each of the good cause factors supports granting Plaintiffs leave to file the Motion to Compel, the Court finds that the Motion for Leave should be and hereby is **GRANTED**.

### III. MOTION TO COMPEL

Having determined that Plaintiffs' Motion to Compel (Dkt. No. 93) is properly before the it, the Court next addresses the merits.

### A. Discussion

In the Motion to Compel, Plaintiffs request that the Court order the Durham Defendants to produce the 2,274 Withheld Documents. (Dkt. No. 93 at 1). Plaintiffs explain that "[t]hese documents were withheld by the Durham Defendants due to the documents purportedly disclosing Reticulum Management, LLC's ('Reticulum') attorney-client privileged communications and attorney-work product." (*Id.*). Plaintiffs contend that "[w]hile the Durham Defendants may have had a valid basis for withholding these documents when they prepared their privilege log in 2022, Reticulum expressly *waived* any privilege over the withheld documents in April 2024," meaning that "the Durham Defendants no longer have any valid basis for withholding the documents and they have a duty to supplement their production with the documents." (*Id.*).

The Durham Defendants contend that they should not be required to produce the Withheld Documents for three[3] reasons: **First**, on April 3, 2024, neither Plaintiffs, nor non-party Fiduciario, LLC possessed the requisite power to waive Reticulum's privileges on its behalf because, "at the time, [] Reticulum was a 'terminated entity' that, by statute, could only engage in a very limited set of activities," of which "actively waiving privilege and pursuing documents" were not included. (Dkt. No. 77 at 2-3). **Second**, "Plaintiffs could not unilaterally waive the Work Product Privilege because the privilege is held by both the client and the attorney and may be asserted by the attorney independently of the client." (*Id.* at 3). **Third**, "Plaintiffs are not the proper party to request such relief [from an attorney's right to independently assert work product privilege], and as a result fail to meet the exception to overcome the dual yielding nature of the Work Product Doctrine privilege; Plaintiffs are not the client of any attorney that holds the privilege it may independently assert." (*Id.*).

The Court is not convinced by the Durham Defendants' opposition. Taking the Durham Defendants' first argument—that Reticulum could not waive privilege as a "terminated entity" under the Texas Business and Commerce Code—the Court notes that the Durham Defendants fail to cite any cases in which a terminated entity was unable to waive privilege. Indeed, as Plaintiffs point out, one of the five enumerated powers that the Durham Defendants agree terminated entities possess is "holding title to and liquidating property…," which presumably includes Reticulum's privileged documents. TEX. BUS. ORGS. CODE § 11.356(a). The Durham Defendants fail to explain how the Withheld Documents are not in fact property that Reticulum still holds title to and can liquidate in the manner it sees fit—in this instance, by waiving privilege and instructing that those documents be produced to Plaintiffs. (Dkt. No. 93-1 at 3).

---

[3] The Durham Defendants also argue that the Motion to Compel is untimely, but the Court has already rejected such arguments as discussed above with respect to the Motion for Leave.

7

Moreover, if Reticulum is unable to waive privilege due to its status as a terminated entity (as the Durham Defendants contend), then Reticulum no doubt also lacks the ability to *assert* that privilege. *Tivo, Inc. v. AT&T Inc.*, No. 2:09-CV-259 (DF), 2011 WL 13089004, at *2 (E.D. Tex. Dec. 27, 2011) ("To maintain its claim of attorney-client privilege, [the party asserting privilege] must establish that . . . the privilege has been claimed and not waived by the client.") (among other requirements). It is undisputed that "when control of a corporation passes to new management, the authority to assert and waive the corporation's attorney-client privilege passes as well." *Commodity Futures Trading Comm'n v. Weintraub*, 471 U.S. 343, 349, 105 S. Ct. 1986, 1991, 85 L. Ed. 2d 372 (1985). This extends to communications made prior to the succession in ownership/management. *Id.* ("New managers installed as a result of a takeover, merger, loss of confidence by shareholders, or simply normal succession, may waive the attorney-client privilege with respect to communications made by former officers and directors."). Fiduciario acquired the following with respect to Reticulum as a result of the April 1, 2024 auction:

> All rights, titles, and interests of Fred Brown and/or the Trustee and/or the bankruptcy Estate in Reticulum Management, LLC, including, without limitation, *all membership or other equity interests in Reticulum Management, LLC and all rights, privileges, and benefits of such membership or other equity interests under all applicable documents and applicable laws*, and all rights, titles, and interests of Fred Brown and/or the Trustee and/or the bankruptcy Estate in the books and records of Reticulum Management, LLC.

(Dkt. No. 47-3 at 2 (emphasis added)). As such, either Reticulum lacks the ability to assert privilege in the first instance because it is a terminated entity, or Reticulum (under its new ownership and management) waived that privilege on April 3, 2024. In either circumstance, the result is the same: a valid privilege claim on behalf of Reticulum does not exist for the Withheld Documents.

The Durham Defendants' second and third arguments fail because there is no indication that any attorney is in fact asserting work-product privilege over the Withheld Documents now that Reticulum has waived the privileges it held. The Durham Defendants only contend that "to [their] knowledge, no attorney whose work product is logged on the Privilege Log has waived its privilege." (Dkt. No. 77 at 11). The Durham Defendants are not capable of asserting work-product privilege themselves and they have failed to identify any attorney actually asserting that privilege. Notably, the one attorney that the Durham Defendants have identified—Ms. Pettit of The Pettit Law Firm P.C.—recently produced thousands of documents related to her representation of Reticulum, including some of the Withheld Documents, which at minimum effects a waiver as to those documents if not additional, related documents.[4] Ultimately, the question of attorney waiver need not be reached as the Durham Defendants bear the burden to establish that the work-product privilege exists, and they have failed to show that any attorney who could assert such privilege in fact does so. *See Hodges, Grant & Kaufmann v. U.S. Gov't, Dep't of the Treasury, I.R.S.*, 768 F.2d 719, 721 (5th Cir. 1985) ("The burden of establishing that a document is work product is on the party who asserts the claim[.]"). As such, the Durham Defendants' second and third arguments in opposition to the Motion to Compel also fail.

B. Conclusion

Having considered the Motion to Compel, the Court finds that it should be and hereby is **GRANTED**. Accordingly, the Durham Defendants are **ORDERED** to produce the Withheld

---

[4] Indeed, according to Plaintiffs "at least *five* of Reticulum's law firms, including the Pettit Law Firm, Winstead, and Foley & Lardner, have recently produced previously privileged materials (including work-product materials) generated in connection with their representation of Reticulum after receiving Reticulum's April 2024 waiver letters." (Dkt. No. 84 at 3).

9

Documents, which were withheld solely based upon a privilege claim by Reticulum (whether attorney-client or work-product privilege).

**So Ordered this**

**Jul 11, 2024**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE