IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| **VERITAS VINCIT, LLC, et al,** | § | |
| | § | |
| *Plaintiffs*, | § | |
| | § | Civil Action No. 4:24-cv-00079-JRG |
| v. | § | |
| | § | |
| **FRED ALAN BROWN, et al,** | § | |
| | § | |
| *Defendants.* | § | |

**DURHAM AND BIRNAM WOOD'S OBJECTIONS TO PLAINTIFFS' SUMMARY
JUDGMENT EVIDENCE AND MOTION TO STRIKE OBJECTIONABLE EVIDENCE**

**TO THE HONORABLE JUDGE OF SAID COURT**:

Defendants Charles William Durham II and Birnam Wood Capital, LLC (collectively, the "Durham Defendants") hereby file these objections to the evidence attached to Plaintiffs Veritas Vincit, LLC ("Veritas") and William Berry Dean, III's ("Dean") ("Plaintiffs") Omnibus Response to Defendants Durham and Birnam Wood's First, Second, And Third Motions For Summary Judgment ("Plaintiffs' Omnibus Response") (ECF 63-64) and move to strike objectionable evidence from the summary judgment record based on the Court's recent Order that Plaintiffs may not rely upon any actions or conduct of Reticulum (ECF 115). In support thereof, the Durham Defendants respectfully show the Court as follows:

## I.   INTRODUCTION AND SUMMARY

On July 25, 2024, this Court granted in part Durham Defendant's Motion to Dismiss Due to the Absence of a Justiciable Case or Controversy under Article III of the Constitution (the "Dismissal Order") (ECF 115). The Dismissal Order dismissed Plaintiffs' claims of malicious civil prosecution, and related conspiracy against all Defendants, and dismissed Plaintiffs' malicious

criminal prosecution, and conspiracy against Defendant Reticulum. The Dismissal Order further provided that "Plaintiffs may not rely upon any actions or conduct of Reticulum to prove or support Plaintiffs' claim of malicious criminal prosecution against Brown or Plaintiffs' claim of conspiracy against Brown and the Durham Defendants." (ECF 115).

The Court currently has before it three motions for summary judgment filed by the Durham Defendants (collectively, the "Durham Motions for Summary Judgment"). (ECF 27, 30-31, 33-35). The Court also has the single, omnibus Plaintiffs' Summary Judgment Response, which responds to each of the Durham's Motions for Summary Judgement. (ECF 63-64).

In light of the Court's recent Dismissal Order, a number of Plaintiffs claims have been dismissed and the majority of the evidence relied upon in Plaintiffs' Summary Judgment Response is now unusable to prove or support Plaintiffs' remaining claims. Accordingly, Durham Defendants object to the following exhibits that Defendants cite in support of their malicious criminal prosecution and conspiracy claims and move to strike the same from the summary judgment record.[1]

Further, Plaintiffs now lack sufficient evidence to either refute the Durham Defendants' Motions for Summary Judgment or to support each element of their claims for malicious criminal prosecution or conspiracy. Accordingly, the Court should strike the evidence from Plaintiffs' Summary Judgment Response and grant the Durham Defendants' Motions for Summary Judgment.

## II.   OBJECTIONS

### A. Plaintiffs' Evidence

To support their claims for malicious criminal prosecution and conspiracy, Plaintiffs' MSJ No. 1 Response cites to the following evidence in their Omnibus Response:

---

[1] Defendants specifically reserve the right to assert additional objections to these exhibits, as well as others at trial.

| Exhibit Number | Description | Objection |
|---|---|---|
| Ex. 2 | Declaration of William Berry, Dean, III, dated May 13, 2024 | Section II. (B), (E) |
| Ex. 2 at ¶ 10 | Declaration of William Berry, Dean, III, dated May 13, 2024 | Section II. (B) |
| Ex. 2 at ¶ 11 | Declaration of William Berry, Dean, III, dated May 13, 2024 | Section II. (B) |
| Ex. 2 at ¶ 12 | Declaration of William Berry, Dean, III, dated May 13, 2024 | Section II. (B), |
| Ex. 2 at ¶ 13 | Declaration of William Berry, Dean, III, dated May 13, 2024 | Section II. (B) |
| Ex. 2 at ¶ 22 | Declaration of William Berry, Dean, III, dated May 13, 2024 | Section II. (B), (C) |
| Ex. 2 at ¶ 23 | Declaration of William Berry, Dean, III, dated May 13, 2024 | Section II. (B), (C) |
| Ex. 2 at ¶ 24 | Declaration of William Berry, Dean, III, dated May 13, 2024 | Section II. (B), (C) |
| Ex. 2 at ¶ 25 | Declaration of William Berry, Dean, III, dated May 13, 2024 | Section II. (B) |
| Ex. 2 at ¶ 27 | Declaration of William Berry, Dean, III, dated May 13, 2024 | Section II. (B), (C) |
| Ex. 2 at ¶ 28 | Declaration of William Berry, Dean, III, dated May 13, 2024 | Section II. (B), (C) |
| Ex. 2 at ¶ 31 | Declaration of William Berry, Dean, III, dated May 13, 2024 | Section II. (C), (D) |
| Ex. 2 at ¶ 33 | Declaration of William Berry, Dean, III, dated May 13, 2024 | Section II. (C), (D) |
| Ex. 2 at ¶ 35 | Declaration of William Berry, Dean, III, dated May 13, 2024 | Section II. (B,) (C), (D), (E), (F) |
| Ex. 2 at ¶ 69 | Declaration of William Berry, Dean, III, dated May 13, 2024 | Section II. (B), (C), (D), (E), (F), (G), (H) |

| | | |
|---|---|---|
| Ex. 3 at 68:11-69:11 | Deposition of Charles William Durham II As Fed. R. Bankr. P 30(b)(6) Designee of Birnam Wood Capital, LLC, Volume 1, taken on June 16, 2023 | Section II. (B), (E), (F) |
| Ex. 3 at 208:5-209:8 | Deposition of Charles William Durham II As Fed. R. Bankr. P 30(b)(6) Designee of Birnam Wood Capital, LLC, Volume 1, taken on June 16, 2023 | Section II. (B), (E), (F) |
| Ex. 3 at 271:6-13 | Deposition of Charles William Durham II As Fed. R. Bankr. P 30(b)(6) Designee of Birnam Wood Capital, LLC, Volume 1, taken on June 16, 2023 | Section II. (B), (E), (F) |
| Ex. 3 at 275:11-276:6, | Deposition of Charles William Durham II As Fed. R. Bankr. P 30(b)(6) Designee of Birnam Wood Capital, LLC, Volume 1, taken on June 16, 2023 | Section II. (B), (E) |
| Ex. 3 at 262:4-11 | Deposition of Charles William Durham II As Fed. R. Bankr. P 30(b)(6) Designee of Birnam Wood Capital, LLC, Volume 1, taken on June 16, 2023 | Section II. (B), (E) |
| Ex. 3 at 262:14-263:22 | Deposition of Charles William Durham II As Fed. R. Bankr. P 30(b)(6) Designee of Birnam Wood Capital, LLC, Volume 1, taken on June 16, 2023 | Section II. (B), (E) |
| Ex. 3 at 284:2-286:23 | Deposition of Charles William Durham II As Fed. R. Bankr. P 30(b)(6) Designee of Birnam Wood Capital, LLC, Volume 1, taken on June 16, 2023 | Section II. (B), (E) |
| Ex. 3 at 291:12-292:13 | Deposition of Charles William Durham II As Fed. R. Bankr. P 30(b)(6) Designee of Birnam Wood Capital, LLC, Volume 1, taken on June 16, 2023 | Section II. (B), (E) |

| | | |
|---|---|---|
| Ex. 3 at 255:5-259:16 | Deposition of Charles William Durham II As Fed. R. Bankr. P 30(b)(6) Designee of Birnam Wood Capital, LLC, Volume 1, taken on June 16, 2023 | Section II. (B), (E) |
| Ex. 3 at 278:17-279:7 | Deposition of Charles William Durham II As Fed. R. Bankr. P 30(b)(6) Designee of Birnam Wood Capital, LLC, Volume 1, taken on June 16, 2023 | Section II. (B), (E), (F) |
| Ex. 9 at 69:15-70:22 | Deposition of Julie Pettit, taken on July 13, 2023 | Section II. (B), (C), (E), (F) |
| Ex. 9 at 79:21-81:16 | Deposition of Julie Pettit, taken on July 13, 2023 | Section II. (B), (C), (E), (F) |
| Ex. 9 at 83:14-85:7-11 | Deposition of Julie Pettit, taken on July 13, 2023 | Section II. (B), (C), (E), (F) |
| Ex. 11 | Business Records Affidavit signed by Julie Pettit on June 21, 2023 | Section II. (B), (C), (E), (F) |
| Ex. 14 | Deposition of Fred Alan Brown, Individually and as Corporate Representative of Reticulum Management, LLC, taken on June 29, 2023 | Section II. (B), (C), (E), (F) |
| Ex. 14 at ¶ 61:2-63:13 | Deposition of Fred Alan Brown, Individually and as Corporate Representative of Reticulum Management, LLC, taken on June 29, 2023 | Section II. (B), (C), (E), (F) |
| Ex. 15 | E-mail chain between Fred Brown, Julie Pettit and Bill Durham regarding "Total Operating Pictures," dated July 24, 2016 | Section II. (B), (C), (E), (F) |
| Ex. 17 | E-mail calendar invite from Bill Durham to Rick Watson, Julie | Section II. (B) |

| | Pettit, and Kyson Johnson, dated January16, 2018 | |
|---|---|---|
| Ex. 18 | Text messages between Fred Brown and Bill Durham | Section II. (C) |
| Ex. 19 at 23:16-26:5 | Deposition of Rick Watson, taken on April 4, 2022 | Section II. (G) |
| Ex. 19 at 36:3-43:23 | Deposition of Rick Watson, taken on April 4, 2022 | Section II. (B), (E), (F) |
| Ex. 19 at 86:1-6 | Deposition of Rick Watson, taken on April 4, 2022 | Section II. (F), (G) |
| Ex. 19 at 96:21-97:12 | Deposition of Rick Watson, taken on April 4, 2022 | Section II. (B), (E), (F), (G) |
| Ex. 19 at 98:1-11 | Deposition of Rick Watson, taken on April 4, 2022 | Section II. (B), (E), (F), (G) |
| Ex. 20 | E-mail from Rick Watson to Julie Pettit regarding: "Meeting Today," dated January 19, 2018 | Section II. (E), (F) |
| Ex. 21 | E-mail from Julie Pettit to Rick Watson regarding "Criminal Complaint - Watters and Dean", dated February 1, 2018 | Section II. (B), (C), (E), (F) |
| Ex. 22 | Criminal Complaint Form filed by Fred Brown on or about January 31, 2018 | Section II. (B), (E), (F) |
| Ex. 23 | E-mail from Bill Durham to Julie Pettit regarding "Security Agreement", dated May 12, 2016 | Section II. (B), (C), (E), (F) |
| Ex. 24 | E-mail from Julie Pettit to Rick Watson regarding "Criminal Complaint – Watters and Dean," dated February 1, 2018 | Section II. (B), (C), (E), (F) |
| Ex. 25 at 10 | Letter from Carrie Johnson Phaneuf, dated August 24, 2022 | Section II. (B), (C), (E), (F) |

| | | |
|---|---|---|
| Ex. 26 at ¶ 23 | Memorandum Opinion entered on August 24, 2021 in Adversary Proceeding No. 20-3088 in the United States Bankruptcy Court for the Northern District of Texas, Dallas Division | Section II. (B), (C), (E), (F) |
| Ex. 26 at 38 n.52 | Memorandum Opinion entered on August 24, 2021 in Adversary Proceeding No. 20-3088 in the United States Bankruptcy Court for the Northern District of Texas, Dallas Division | Section II. (B), (C), (E), (F) |
| Ex. 26 at 38 n.53 | Memorandum Opinion entered on August 24, 2021 in Adversary Proceeding No. 20-3088 in the United States Bankruptcy Court for the Northern District of Texas, Dallas Division | Section II. (B), (C), (E), (F) |
| Ex. 27 at 24-25 | Response is a true and correct copy of certain excerpts of Plaintiff Reticulum Management LLC's Third Amended Objections and Responses to Dean's First Set of Interrogatories, dated February 19, 2021, served in Adversary No. 19-03242 in the United States Bankruptcy Court for the Northern District of Texas | Section II. (B), (C), (F) |
| Ex. 28 at 40:24-41:1 | Deposition of Andrea Stark Ingram taken on April 11, 2022 | No objection. |
| Ex. 28 at 52:9-21 | Deposition of Andrea Stark Ingram taken on April 11, 2022 | Section II. (G) |
| Ex. 28 at 74:16-75:21 | Deposition of Andrea Stark Ingram taken on April 11, 2022 | Section II. (B), (E), (F) |
| Ex. 28 at 79:14-81:4 | Deposition of Andrea Stark Ingram taken on April 11, 2022 | Section II. (B), (E), (F) |

| Ex. 29 at 1, DA_00318 | E-mail from Julie Pettit to Andrea Ingram regarding "Dean/Watters Matter," dated February 15, 2021 | Section II. (B), (E), (F) |
|---|---|---|
| Ex. 30 at 445:15-24 | Deposition of Fred Alan Brown, Individually and as Corporate Representative of Reticulum Management, LLC, Volume 2, taken on March 4, 2021 | Section II. (B), (E), (F), (G) |
| Ex. 30 at 453:1-456:7 | Deposition of Fred Alan Brown, Individually and as Corporate Representative of Reticulum Management, LLC, Volume 2, taken on March 4, 2021 | Section II. (B), (C), (E), (F), (G) |
| Ex. 33 | Summary of Events with Respect to Reticulum Management's Note Agreement (initially Buy/Sell) with Total Operating and bad acts conducted by Jacob Watters and Barrett Dean (board members, equity investors/sponsors, and CFO) | Section II. (B), (E), (F) |
| Ex. 34 | E-mail from Julie Pettit to Rick Watson regarding "Jacob Watters / Barrett Dean", dated April 2, 2018, which is Exhibit 185 to the Pettit Deposition | Section II. (B), (E), (F) |
| Ex. 35 | Memorandum from Rick Watson to Andrea Ingram regarding "Prosecution of Jacob F. Watters and William Barry Dean III" | Section II. (B), (E), (F), (G) |
| Ex. 38 | Indictment No.: f2000231, in The State of Texas vs. William Barrett Dean | Section II. (B) |
| Ex. 39 | Indictment No.: f2000230, in The State of Texas vs. William Barrett Dean | Section II. (B) |
| Ex. 40 | Order of Dismissal regarding Indictment No.: f2000231, in The | Section II. (C) |

| | State of Texas vs. William Barrett Dean, signed and filed on September 16, 2021 | |
|---|---|---|
| Ex. 41 | Order of Dismissal regarding Indictment No.: f2000230, in The State of Texas vs. William Barrett Dean, signed and filed on September 16, 2021 | Section II. (C) |
| Ex. 43 at 36:17-37:4 | Transcript of the July 28, 2021 Status Conference Hearing held in *In Re William Berry Dean, III*, Case Number 19-31232-sgj7, in the United States Bankruptcy Court for the Northern District of Texas, Dallas Division | Section II. (B), (C), (E), (F) |
| Ex. 51 at ¶ 5 | Declaration of Charles William Durham, II, dated February 23, 2022, which was filed in Cause No, DC-2117503 in the 14th Judicial District, Dallas County, Texas, on February 23, 2022 | Section II. (B) |
| Ex. 56:4-58:11 | E-mail between Bill Durham and Julie Pettit regarding "Security Agreement", dated May 10, 2016 | Section II. (B) |
| Ex. 66 at ¶ 5 | Expert Report of Raymond M. Hindieh, JD dated June 3, 2023 | Section II. (B), (E), (F), (G), (H) |
| Ex. 66 at ¶ 73 | Expert Report of Raymond M. Hindieh, JD dated June 3, 2023 | Section II. (B), (E), (F), (G), (H) |
| Ex. 66 at ¶ 110 | Expert Report of Raymond M. Hindieh, JD dated June 3, 2023 | Section II. (B), (E), (F), (G), (H) |
| Ex. 66 at ¶ 112 | Expert Report of Raymond M. Hindieh, JD dated June 3, 2023 | Section II. (B), (E), (F), (G), (H) |
| Ex. 66 at ¶ 114 | Expert Report of Raymond M. Hindieh, JD dated June 3, 2023 | Section II. (B), (E), (F), (G), (H) |

| Ex. 68 at 1 | E-mail from Todd Sellars from the Dallas County D.A.'s office to me sent on April 6, 2022 | Section II. (B), (E), (F), (G), |
|---|---|---|
| Ex. 79 at 116:22-117:24 | Deposition of Andrea Stark Ingram, Volume II, taken on July 11, 2023 | No objection. |
| Ex. 79 at 195.2-19 | Deposition of Andrea Stark Ingram, Volume II, taken on July 11, 2023 | No objection. |
| Ex. 83 at 34:22-9 | Deposition of Rick Watson, taken on July 27, 2023 | Section II. (F) |
| Ex. 83 at 56:4-58:11 | Deposition of Rick Watson, taken on July 27, 2023 | Section II. (F) |
| Ex. 84 | April 29, 2018 e-mail from Rick Watson to Julie Pettit | Section II. (F) |
| Ex. 85 | E-mail from Rick Watson to Julie Pettit regarding "Jacob Watters / Barrett Dean", dated May 1, 2018 | Section II. (F) |

All the exhibits referred to by Plaintiffs in their Omnibus Response in support the key elements of Plaintiffs' malicious criminal prosecution claims are objectionable and should be struck. Durham's Motions for Summary Judgment should be granted.

**B. Objections to Agreements Entered into by Reticulum, the Sale and Buyback Agreement and the Security Agreement and Any Affiliated Negotiations.**

The Durham Defendants object to any Exhibits, and as specifically noted above, which refer to Reticulum's actions of entering into the Sale and Buyback Agreement and Security Agreement with Total Operating. Reticulum and Total Operating were the sole parties to the Security Agreement and the Sale and Buyback Agreement. Plaintiffs' Response to Summary Judgment extensively refers to the exhibits noted above to demonstrate Reticulum's conduct in entering into the 2015 deal with Total Operating. *See* Plaintiffs' Response to Summary Judgment

at p. 5-6, 13. As Plaintiffs' reliance on Reticulum's actions to support their claims is in violation of the Dismissal Order, these exhibits should be struck.

### C. Objections to References to the Civil Prosecution of Dean.

On July 25, 2024, this Court dismissed Plaintiffs' claims of malicious civil prosecution, and related conspiracy against all Defendants. (ECF 115). As these claims have been dismissed, Durham Defendants object to Plaintiffs reliance on exhibits which rely on or introduce the various civil litigation Reticulum filed against Plaintiffs and/or Plaintiffs affiliated entities.

### D. Objections to Alleged Financial Breach/Investigation of Dean's Finances.

Plaintiffs' exhibits make numerous allegations that solely relate to Dean's malicious civil prosecution claims, including, but not limited to, an alleged data breach of Dean's wife's financial accounts during Dean's bankruptcy to obtain financial information. Dean Declaration at ¶¶ 31-32, 45-51. As any alleged breach of Dean's wife's accounts only had potential relevance to the now dismissed malicious civil prosecution claims, Dean's Declaration on these grounds should be struck. Any alleged data breach occurred in February of 2019. Criminal Complaints were filed against Dean and Watters dated January 31st, 2018. The relevant time of inquiry for a malicious prosecution claim is what the complainant knew when the complainant furnished allegedly false information to the official. *Browning-Ferris Indus., Inc. v. Lieck*, 881 S.W.2d 288, 294 (Tex. 1994) (emphasis added). Accordingly, even if there was evidence regarding any bad conduct on behalf of the Defendants, it would be irrelevant to Plaintiffs' malicious prosecution claim. As Dean's malicious civil prosecution claims against Reticulum have been dismissed, Dean's Declaration should be struck.

### E. Objections to Reticulum's Filing of the Criminal Complaints Against Dean

Plaintiff's Summary Judgment Response alleges that summary judgment on Plaintiffs' malicious criminal prosecution claim is improper because Reticulum made false statements to the Dallas DA. *See* Plaintiffs' Response to Summary Judgment at p. 14-15. Plaintiffs admit that the Criminal Complaint filed against Dean, and its attached summary of events, are the sworn statement of Reticulum. See Plaintiffs' Response to Summary Judgment at p. 14-15. Dean specifically asserts that discrepancies in Reticulum's statements, referring to Reticulum's representations in the Criminal Complaint compared to Reticulum's subsequent discovery responses, support Plaintiffs' Summary Judgment Response. Dean Declaration at ¶ 36. As evidence of Reticulum's conduct was excluded by the Dismissal Order, exhibits relying on references to Reticulum's conduct to prove Dean's claims should be struck.

### F. Objections the Exhibits Relying on the Involvement/Actions of Counsel for Reticulum, Julie Pettit.

Durham Defendants object to exhibits which reflect the actions of Julie Pettit as she has unequivocally testified that she was counsel solely for Reticulum. Exhibit A. The engagement agreement for Pettit similarly reflects that her client was Reticulum. Exhibit 12 to Plaintiffs' Summary Judgment Response. As any actions taken by Pettit as legal representative of Reticulum amount to the conduct and/or actions of Reticulum, evidence regarding Pettit's involvement should be struck.

Plaintiffs Motion for Summary Judgment Response relies heavily on actions taken solely by Reticulum's counsel, Pettit; including, but not limited to her communications with the Dallas DA, her transmission of the criminal complaint against Dean to the Dallas DA, and her follow-up communications with the Dallas DA. See Plaintiffs' Response to Summary Judgment at ¶ 26--27.

Exhibits reflecting Pettit's communications as Reticulum's counsel with the Dallas DA should be struck.

Exhibit 9 and 87, excerpts from the deposition of Pettit, Exhibit 10, invoices to Reticulum for Julie Pettit's legal services, Exhibit 25, the Letter from Carrie Johnson Phaneuf, dated August 24, 2022, and 11, the business record affidavit signed by Pettit providing non-privileged documents from her Reticulum file, make numerous references to the actions and/or conduct of Reticulum since 2016, including but not limited to, Reticulum filing numerous civil cases which were the basis of Plaintiffs' dismissed malicious civil litigation claims. *See* the Dismissal Order. Accordingly, these exhibits should be struck.

**G. Objections the Exhibits Relying on the Involvement/Actions of Counsel for Reticulum, Rick Watson.**

Durham Defendants object to exhibits which reflect the actions of Rick Watson as Plaintiffs admit that Watson was retained solely by Reticulum. See Plaintiffs' Response to Summary Judgment at ¶ 33. As any actions taken by Watson as legal representative of Reticulum amount to the conduct and/or actions of Reticulum, evidence regarding Watson's involvement should be struck pursuant to the Dismissal Order.

**H. Objections to the Expert Report of Hindieh.**

Durham Defendants object to the expert report of Hindieh as it relies extensively on the actions of Reticulum in providing information to the Dallas DA. Durham Defendants further incorporate their Motion to Exclude Hindieh (ECF 37) as a basis to object to the consideration of any of the Hindieh report as summary judgment evidence. Specifically, Hindieh is unqualified to offer expert opinions and his report is rife with speculative opinions regarding the decision making of the Dallas DA. Further, Hindieh's opinions regarding the provision of exculpatory evidence are: (1) legally baseless as there is no legal duty for a civilian to provide exculpatory evidence; and (2)

irrelevant as the relevant time of inquiry for a malicious prosecution claim is what the complainant knew when the complainant furnished allegedly false information to the official. *Lieck*, 881 S.W.2d at 294.

### III. MOTION TO STRIKE

For the objections asserted above that are sustained by the Court, Defendants further request that the Court strike those exhibits, or applicable portions thereof, from the summary judgment record.

### IV. CONCLUSION

For the reasons set forth above, Defendants request that the Court sustain their objections to Plaintiffs' summary judgment evidence attached to Plaintiffs' Motion for Summary Judgment, strike the objectionable evidence as set forth herein from the summary judgment record, and for such other and further relief to which they have shown themselves to be entitled.

**Dated:   July 31, 2024**

Respectfully submitted,

*/s/ Alexandria M. Risinger*
**ROGGE DUNN**
State Bar No. 06249500
Email: Dunn@trialtested.com

**ALEXANDRIA M. RISINGER**
State Bar No. 24095215
Email: Risinger@roggedunngroup.com

**LANE M. WEBSTER**
State Bar No. 24089042
Email: Webster@roggedunngroup.com

**ROGGE DUNN GROUP, PC**
500 N. Akard Street, Suite 1900
Dallas, Texas 75201
Telephone: (214) 888-5000
Facsimile: (214) 220-3833

**ATTORNEYS FOR DEFENDANTS**

# CERTIFICATE OF SERVICE

This certifies that a true and correct copy of the above and foregoing instrument was served on the Parties' counsel of record, pursuant to the Rules, on this 31st day of July, 2024, addressed as follows:

| | |
|---|---|
| Brent M. Charhon, Esq.<br>Steve Callahan, Esq.<br>Christopher T. Bovenkamp, Esq.<br>Charhon, Callahan, Robson & Garza PLLC<br>3333 Lee Parkway, Suite 460<br>Dallas, Texas 75219<br>Counsel for Veritas Vincit, LLC and<br>John Berry Dean, III, and Jacob F. Watters | ☒ **VIA ECF/PORTAL**<br>☐ **VIA OVERNIGHT DELIVERY**<br>☐ **VIA HAND-DELIVERY**<br>☐ **VIA FIRST CLASS MAIL**<br>☐ **VIA FAX:**<br>☐ **VIA EMAIL:** BCharhon@ccrglaw.com;<br>SCallahan@ccrglaw.com;<br>CBovenkamp@ccrglaw.com<br>☐ **VIA CMRRR:** |
| John P. Lewis, Jr., Esq.<br>Hayward PLLC<br>10501 North Central Expressway, Suite 106<br>Dallas, Texas 75231<br>Counsel for Veritas Vincit, LLC and<br>John Berry Dean, III, and Jacob F. Watters | ☒ **VIA ECF/PORTAL**<br>☐ **VIA OVERNIGHT DELIVERY**<br>☐ **VIA HAND-DELIVERY**<br>☐ **VIA FIRST CLASS MAIL**<br>☐ **VIA FAX:**<br>☐ **VIA EMAIL:** JPLewis@haywardfirm.com<br>☐ **VIA CMRRR:** |
| Thomas C. Barron, Esq.<br>Law Offices of Thomas C. Barron<br>P. O. Box 14123<br>Dallas, Texas 75214<br>Counsel for Fred Alan Brown | ☒ **VIA ECF/PORTAL**<br>☐ **VIA OVERNIGHT DELIVERY**<br>☐ **VIA HAND-DELIVERY**<br>☐ **VIA FIRST CLASS MAIL**<br>☐ **VIA FAX:**<br>☐ **VIA EMAIL:** TBarron@barronlawfirm.com<br>☐ **VIA CMRRR:** |

*/s/ Alexandria M. Risinger*
**ROGGE DUNN**
**ALEXANDRIA M. RISINGER**