IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| VERITAS VINCIT, LLC, *et al.*, § § *Plaintiffs*, § § v. § § FRED ALAN BROWN, *et al.*, § § *Defendants*. § § | CIVIL ACTION NO. 4:24-CV-00079-JRG |

## MEMORANDUM OPINION AND ORDER

Before the Court is the Bill of Costs Submission (Dkt. No. 145) and Memorandum in Support of Bill of Costs Submission (Dkt. No. 146) (collectively, the "Bill of Costs") filed by Plaintiffs Veritas Vincit, LLC and William Berry Dean, III (collectively, "Plaintiffs"). Having considered the Bill of Costs, the Court finds it should be and hereby is **GRANTED-IN-PART** and **DENIED-IN-PART**.

I.  BACKGROUND

The Court held a jury trial in the above-captioned case on August 16, 2024. (Dkt. No. 134.) On August 21, 2024, the jury reached and returned its unanimous verdict finding in favor of Plaintiffs and against Defendants Charles William Durham II and Birnam Wood Capital, LLC (collectively, "Durham Defendants") and Defendant Fred Alan Brown ("Defendant Brown"). (Dkt. No. 139.) Subsequently, the Court entered a Final Judgment awarding Plaintiffs their costs as the prevailing party and directing Plaintiffs to file their proposed Bill of Costs. (Dkt. No. 144.) That proposed Bill of Costs is now at issue before the Court.

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 54(d)(1), "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). Rule 54(d) affords courts discretion in awarding costs to prevailing parties. *Taniguchi v. Kan Pac. Saipan, Ltd.*, 566 U.S. 560, 565 (2012). Additionally, Section 1920 enumerates specific expenses that a federal court may tax as costs under the discretionary authority found in Rule 54(d) to include:

> (1) Fees of the clerk and marshal;
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
> (5) Docket fees under section 1923 of this title;
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920. While a court may decline to award costs listed in the statute, it may not award costs omitted from the statute. *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441-42 (1987).

Upon determining the "prevailing party" within the meaning of Rule 54(d)(1), courts must then determine what costs, if any, should be awarded to the prevailing party. *Marx v. General Revenue Corp.*, 568 U.S. 371, 375 (2013). The Fifth Circuit has noted that a district court "may neither deny nor reduce a prevailing party's request for costs without first articulating some good reason for doing so." *Pacheco v. Mineta*, 448 F.3d 783, 793-94 (5th Cir. 2006). Indeed, there is a "strong presumption" that the prevailing party will be awarded costs, and a denial is "in the nature of a penalty." *Id.* (quoting *Schwarz v. Folloder*, 767 F.2d 125, 131 (5th Cir. 1985)).

### III. DISCUSSION

Durham Defendants[1] do not dispute that Plaintiffs are the prevailing party but argue that certain of the costs Plaintiffs seek are not recoverable as taxable costs. (Dkt. No. 151.)

#### A. Uncontested Recoverable Costs

Durham Defendants do not contest that $38,806.48 is taxable as costs against Durham Defendants and Defendant Brown, as follows:

- $1,489.69 in Fees of the Clerk;
- $30,693.26 in Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
- $2,135.53 in Fees and disbursements for printing; and
- $4,488.00 in Fees for witnesses.

(Dkt. No. 145-1 at 2; Dkt. No. 151.) Accordingly, the Court awards Plaintiffs the aforementioned uncontested costs.

#### B. Disputed Graphics, Demonstratives, and Trial Materials Costs

Durham Defendants argue that Plaintiffs improperly seek to recover $9,732.73 in costs associated with graphics, demonstrative aids, and trial materials. (Dkt. No. 151 at 4-5.) Durham Defendants argue that the Court should not award Plaintiffs costs associated with their trial graphics because Plaintiffs did not receive pre-trial approval and trial graphics fall outside of Section 1920. (*Id.*) Durham Defendants also argue that "[t]o the extent this Court determines that costs for trial presentation work are compensable at all, . . . that the amount of those costs be limited to a reasonable amount for all necessary work." (*Id.*)

---

[1] Defendant Brown does not dispute the Bill of Costs or the amount of costs Plaintiffs seek. (Dkt. No. 145 at 3; Dkt. No. 156 at 1.)

3

In response, Plaintiffs argue that Durham Defendants mischaracterize the $9,732.73 in costs Plaintiffs seeks as only related to graphics and demonstrative aids. (Dkt. No. 156 at 2-3.) Plaintiffs assert that the $9,732.73 in costs Plaintiffs seek includes copying fees and graphics and demonstrative aid fees. (*Id.*) Regarding the costs associated with graphics and demonstrative aids, Plaintiffs argue that these costs are taxable. (*Id.* at 3.) Regarding the fees associated with copying, Plaintiffs argue that these costs include charges from three vendors—Mainstay Legal, KTS, and East Texas Office Supply—"directly related to the litigation and the trial." (*Id.*)

The Court is persuaded that Plaintiffs are entitled to a portion of the $9,732.73 in costs they seek under Section 1920(4), but that some of these costs are excessive and include costs not recoverable under Section 1920.

First, regarding the $3,621.67 in costs Plaintiffs seek associated with Mainstay Legal, the Court is persuaded that these costs are not recoverable. Plaintiffs assert that "Mainstay Legal provided physical copies of all binders and documents related to the pretrial conference, hearings and selected depositions in this case." (Dkt. No. 156 at 3-4; Dkt. No. 156-1 ¶ 9.) However, the invoices Plaintiffs submitted either offer no description of the nature of the documents being copied or provide non-specific and marginally informative descriptions. (*See* Dkt. No. 145-8 at 3 (providing no description), 4 ("Brett and Chris Trial Binders (Dockets)"), 6 ("Impeachment Exhibits").) While the Court does not expect Plaintiffs to "identify every xerox copy made for use in the course of legal proceedings," *Fogelman v. ARAMCO*, 920 F.2d 278, 286 (5th Cir. 1991), Plaintiffs must provide information from which the Court can determine whether the requested costs are recoverable. Plaintiffs are entitled to recover its "fees for exemplification and the costs for making copies" that were "necessarily obtained for use in the litigation," however, "[c]harges for multiple copies of documents . . . are not recoverable." (*See* this Court's Standing Order

4

Regarding Bills of Costs at 4.) Plaintiffs' descriptions do not state with particularity what documents were prepared, for what reason, or that any printing that was done was limited to single copies. Further, Plaintiffs did not explain why these documents were necessary for trial, "rather than obtained simply for the convenience of counsel." *See Fogelman*, 920 F.2d at 286. Based on the marginally informative descriptions, it appears that most of these printings were merely for counsel's convenience, such as having a copy of Defendants' trial exhibits for use at counsel's table at trial. These invoices also include costs for binders, tabs, folders, and redwelds which are not recoverable under Section 1920. *See Traxcell Techs., LLC v. Huawei Techs. USA Inc.*, 2020 WL 11884713, at *4 (E.D. Tex. Mar. 10, 2020).

Second, regarding the $5,389.52 in costs Plaintiffs seek associated with KTS, the Court is persuaded that Plaintiffs are entitled to recover a portion of these costs. Plaintiffs assert that in response to the Court's Order Regarding Exhibits (Dkt. No. 107), KTS printed and provided these documents. (Dkt. No. 156 at 4.) Plaintiffs also assert that "KTS provided the binders used for impeachment at trial, including binders of deposition transcripts and exhibits." (*Id.*) The Court finds that Plaintiffs are entitled to recover $2,613.79 in costs for trial exhibits and documents ordered by the Court. The Fifth Circuit has held that a party must obtain pretrial authorization for trial exhibits to recover those costs. *Louisiana Power & Light Co. v. Kellstrom*, 50 F.3d 319 (5th Cir. 1995). Here, the Court directed the parties to have one copy of their respective original exhibits and three copies of their exhibit list and witness list. (Dkt. No. 107.) The Court also directed the parties to provide the Court copies of all expert reports. Upon review of Plaintiffs' Exhibit A-7, $2,613.79 in costs from KTS are associated with the Court's orders. (*See* Dkt. No. 145-8 at 12.) The remaining KTS charges in Exhibit A-7, $2,775.73, are not associated with the Court's orders and/or are not recoverable. For example, some of the remaining KTS costs Plaintiffs seek are

5

delivery fees, which are not recoverable, and costs to print depositions, which the Court did not order.

Finally, regarding the $721.54 in costs Plaintiffs seek associated with East Texas Office Supplies, the Court finds that these are not taxable costs. Plaintiffs assert that "East Texas Office Supply provided office supplies that were used at trial, including folders, tabs, binders, and labels." (Dkt. No. 156 at 4.) Each of those costs appears to be merely incidental costs for items such as folders, tabs, binders, and labels that Plaintiffs used at trial. (Dkt. No. 156 at 4; Dkt. 146-8 at 7.) These costs are not recoverable under Section 1920. *See Traxcell Techs., LLC v. Huawei Techs. USA Inc.*, 2020 WL 11884713, at *4 (E.D. Tex. Mar. 10, 2020).

Accordingly, the Court finds that Plaintiffs are entitled to recover $2,613.79 in costs related to graphics, demonstratives, and trial materials.

### C.   Disputed Trial Technician Costs

Durham Defendants argue that Plaintiffs improperly request $7,393.25 in costs associated with Plaintiffs' trial technician and graphic designer. (Dkt. No. 151 at 3, 5-6.) Durham Defendants contend that "[a]lmost half of what Plaintiffs seek to recover appears to be attorneys' fees associated with 'hot seat operations' as they seek $3,600.00 for trial presentation for vendor CCRG, which is presumably Charhon Callahan Robson & Garza." (*Id.* at 3; *see also id.* at 5-6.) Durhan Defendants also assert that "there is no statutory provision for the recovery of trial technician/graphic designer fees." (*Id.*)

In response, Plaintiffs argue that the $7,393.25 in costs associated with trial technology, trial technicians, and courtroom graphics design and presentation are recoverable under Section 1920. (Dkt. No. 156 at 5-7.) Plaintiffs assert that of the $7,393.25 in costs they seek, "$3,793.25 are charges incurred to third party vendors 3b Solutions and OnCue Software." (*Id.* at 5-6.) Plaintiffs argue that "[t]hese charges are all anticipated, useful, and necessary for the efficient

6

presentation of Plaintiffs' case." (*Id.*) Plaintiffs assert that they "used the software licensed from OnCue to make their presentations at trial (i.e., to pull up exhibits and display deposition testimony)." (*Id.*) Plaintiffs assert that "3b Solutions . . . assisted in the creation of Plaintiffs' opening and closing slides and demonstratives that were used in connection with certain witnesses." (*Id.* at 6.) In response to the "hot seat charges," Plaintiffs contend that $3,600 of the costs they seek "is for the 'hot seat' work done at trial by Connor Scott, an associate at Plaintiffs' law firm, CCRG." (*Id.*) Plaintiffs argue that "all of Mr. Scott's 'hot seat' work was useful, reasonable, and necessary for trial." (*Id.*) Plaintiffs argue that they are not attempting to recover attorney's fees for Mr. Scott's hot seat work and, instead, "taxed Mr. Scott's services at a rate of $150 per hour, which is significantly below his attorney-fee hourly rate or the rate that an outside vendor proposed to charge Plaintiffs for 'hot seat' services at trial." (*Id.* at 7.) Plaintiffs assert that they "only seek costs for the hours Mr. Scott spent in trial (i.e., in the courtroom) in his 'hot seat' role," and do not seek to "recovery for the additional hours Mr. Scott spent prior to trial or out-of-court hours in connection with his 'hot seat' role" or his role as an attorney. (*Id.*)

The Court is not persuaded that Plaintiffs are entitled to recover the $7,393.25 in costs associated with trial technology, trial technicians, and courtroom graphics design and presentation. Section 1920 enumerates specific expenses that a federal court may tax as costs and the Court may not award costs omitted from the statute. *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441-42 (1987). The Court does not find that costs associated with a software license, creating slides and demonstratives, or a hot seat operator meet the definition of exemplification in Section 1920(4), the section under which Plaintiffs seek these costs. *See* 28 U.S.C. § 1920(4) ("Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case"); *see also Innovation Scis.*, 2022 WL 2824675, at *4 ("the definition

7

of exemplification, i.e., '[a]n official transcript of a public record, authenticated as a true copy for use as evidence.'"). Additionally, the Court did not order or approve any of these costs.

Accordingly, the Court finds that Plaintiffs are not entitled to $7,393.25 in costs associated with costs related to graphics, demonstratives, and trial materials.

## IV. CONCLUSION

The Court finds that Plaintiffs' Bill of Costs (Dkt. No. 145) should be and hereby is **GRANTED-IN-PART** and **DENIED-IN-PART** as specifically set forth herein. It is **ORDERED** that Plaintiffs' Bill of Costs as to the uncontested costs noted herein, in the amount of $38,806.48 are **APPROVED**. It is **ORDERED** that Plaintiffs' Bill of Costs as to costs related to graphics, demonstratives, and trial materials in the amount of $2,613.79 are **APPROVED**, but the remaining costs related to graphics, demonstratives, and trial materials in the amount of $7,118.94 are **DISALLOWED**. It is further **ORDERED** that Plaintiffs' Bill of Costs as to costs related to trial technician in the amount of $7,393.25 are **DISALLOWED**. As a result, Plaintiffs' total allowable costs herein equal **$41,420.27**, and its Bill of Costs in this amount is **APPROVED**.

**So ORDERED and SIGNED this 8th day of November, 2024.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE

8