IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| VERITAS VINCIT, LLC, *et al.*, | § | |
| | § | |
| *Plaintiffs*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:24-CV-00079-JRG |
| | § | |
| FRED ALAN BROWN, *et al.*, | § | |
| | § | |
| *Defendants*. | § | |
| | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is the Renewed Motion for Judgment as a Matter of Law or, in the Alternative, Motion for New Trial, to Alter or Amend the Judgment, or Grant a Remittitur (the "Motion") filed by Defendants Charles William Durham II ("Mr. Durham") and Birnam Wood Capital, LLC ("Birnam Wood") (collectively, "Durham Defendants").[1] (Dkt. No. 150.) Having considered the Motion and related briefing, the Court finds that it should be **DENIED**. Before the Court is also Plaintiffs Veritas Vincit, LLC's and William Berry Dean, III's Unopposed Motion for Hearing on Durham Defendants' Post-Trial Motion for Judgment as a Matter of Law (ECF No. 150) (Dkt. No. 165), which, in light of this Order, is **DENIED AS MOOT**.

## I.    LEGAL STANDARD

### A.    Judgment as a Matter of Law – Rule 50(b)

"Judgment as a matter of law is proper when 'a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue.'" *Abraham v. Alpha Chi Omega*, 708 F.3d 614, 620 (5th Cir. 2013) (quoting Fed. R. Civ. P. 50(a)). The non-moving party must identify

---

[1] Defendant Fred Alan Brown ("Mr. Brown") did not join in Durham Defendants' Motion. (*See* Dkt. No. 150.) Therefore, this Order does not grant any relief or affect any deadlines with respect to Defendant Fred Alan Brown.

"substantial evidence" to support its positions. *TGIP, Inc. v. AT&T Corp.*, 527 F. Supp. 2d 561, 569 (E.D. Tex. 2007). "Substantial evidence is more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Eli Lilly & Co. v. Aradigm Corp.*, 376 F.3d 1352, 1363 (Fed. Cir. 2004).

"The Fifth Circuit views all evidence in a light most favorable to the verdict and will reverse a jury's verdict only if the evidence points so overwhelmingly in favor of one party that reasonable jurors could not arrive at any contrary conclusion." *Core Wireless Licensing S.A.R.L. v. LG Elecs., Inc.*, 880 F.3d 1356, 1361 (Fed. Cir. 2018) (citing *Bagby Elevator Co. v. Schindler Elevator Corp.*, 609 F.3d 768, 773 (5th Cir. 2010)). A court must "resolve all conflicting evidence in favor of [the verdict] and refrain from weighing the evidence or making credibility determinations." *Gomez v. St. Jude Med. Diag. Div. Inc.*, 442 F.3d 919, 937-38 (5th Cir. 2006).

Rule 50(a) requires the moving party, when moving for judgment as a matter of law before the case is submitted to the jury, to "specify the judgment sought and the law and the facts that entitle the movant to the judgment." Fed. R. Civ. P. 50(a)(2). Generally, a party who fails to present a Rule 50(a) motion on an issue at the close of evidence waives both its right to present a Rule 50(b) motion after judgment and its right to challenge the sufficiency of the evidence on appeal. Fed. R. Civ. P. 50(b); *Navigant Consulting, Inc. v. Wilkinson*, 508 F.3d 277, 288 (5th Cir. 2007).

### B.     Motion for New Trial or Amend the Judgment – Rule 59

Rule 59 provides that a court may grant a new trial on all or part of the issues on which there has been a trial by jury for "any reason for which a new trial has heretofore been granted in an action at law in federal court." Fed. R. Civ. P. 59(a). Notwithstanding the broad sweep of Rule 59, "courts do not grant new trials unless it is reasonably clear that prejudicial error has crept into the record or that substantial justice has not been done, and the burden of showing harmful error rests on the party seeking the new trial." *Metaswitch Networks Ltd. v. Genband US LLC*, No. 2:14-

cv-00744-JRG, 2017 WL 3704760, at *2 (E.D. Tex. Aug. 28, 2017); *Erfindergemeinschaft UroPep GbR v. Eli Lilly & Co.*, 276 F. Supp. 3d 629, 643 (E.D. Tex. 2017). "A new trial may be granted, for example, if the district court finds the verdict is against the weight of the evidence, the damages awarded are excessive, the trial was unfair, or prejudicial error was committed in its course." *Smith v. Transworld Drilling Co.*, 773 F.2d 610, 612-13 (5th Cir. 1985); *see also Laxton v. Gap Inc.*, 333 F.3d 572, 586 (5th Cir. 2003) ("A new trial is warranted if the evidence is against the great, and not merely the greater, weight of the evidence."). Furthermore "[u]nless justice requires otherwise, no error in admitting or excluding evidence—or any other error by the court or a party—is ground for granting a new trial … . the court must disregard all errors and defects that do not affect any party's substantial rights." Fed. R. Civ. P. 61.

A party can move the Court to amend an order or judgment within 28 days of entry. Fed. R. Civ. P. 59(e). "Rule 59(e) is properly invoked 'to correct manifest errors of law or fact or to present newly discovered evidence.'" *In re Transtexas Gas Corp.*, 303 F.3d 571, 581 (5th Cir. 2002) (cleaned up). A motion for reconsideration "is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before." *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004). Given that "specific grounds for a motion to amend or alter are not listed in the rule, the district court enjoys considerable discretion in granting or denying the motion." *Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011) (cleaned up). Accordingly, relief under Rule 59(e) is appropriate only when (1) there is a manifest error of law or fact; (2) there is newly discovered or previously unavailable evidence; (3) there would otherwise be manifest injustice; or (4) there is an intervening change in controlling law. *Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 567 (5th Cir. 2003). As a result, "[r]econsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly." *Templet*, 367 F.3d at 479.

## II.    DISCUSSION

### A.    The Court Has Subject Matter Jurisdiction

Durham Defendants argue that "[t]here is a legal bar to the verdict rendered by the jury because the Court lacks subject matter jurisdiction as a result of the Plaintiffs' ownership and control over Defendant Reticulum Management, LLC ('Reticulum')." (Dkt. No. 150 at 3.) Durham Defendants argue that the Court "erred" in denying-in-part Durham Defendants' motion to dismiss "by holding that [Mr.] Brown committed conduct independent of Reticulum." (*Id.*) Durham Defendants assert that Mr. "Brown's conduct cannot be separated from Reticulum because every action of [Mr.] Brown was taken on behalf of, and as a representative of, Reticulum." (*Id.*) Durham Defendants contend that "[t]here was no evidence of any conduct by [Mr.] Brown taken separate and apart from Reticulum." (*Id.* at 3-4.) Durham Defendants argue that "Plaintiffs' claims against [Mr.] Brown and the Durham Defendants suffer from the same jurisdictional infirmities previously noted by the Court, and the Court has no jurisdiction over the conspiracy claims against the Durham Defendants either." (*Id.* at 4.)

Plaintiffs respond that the Durham Defendants failed to raise their current challenge to "the Court's subject matter jurisdiction on the basis that [Mr.] Brown purportedly acted at all times as a representative of Reticulum" before trial. (Dkt. No. 162 at 4-5.) Plaintiffs assert that Durham Defendants and Mr. Brown raised this argument for the first time on the eve of trial and without seeking leave of Court. (*Id.*) Plaintiffs note that the Court denied Durham Defendants' and Mr. Brown's motions to dismiss. (*Id.*) Plaintiffs also argue that Durham Defendants' attack on the Court's subject matter jurisdiction in the Motion is unsupported by any caselaw "in violation of Rule 50(a)(2) and Local Rule CV-7, instead citing generally to Brown's untimely Motion to Dismiss filed without leave of Court." (*Id.* at 5.)

Plaintiffs further respond that the Court correctly confirmed that it has subject matter jurisdiction over Durham Defendants and Mr. Brown. (*Id.* at 7-9.) Plaintiffs argue that "the evidence shows that [Mr.] Brown committed acts independent of Reticulum and, as the Court properly noted, 'there still exists a genuine case or controversy between Plaintiffs and the Durham Defendants for the Durham Defendants' alleged conspiracy with Defendant Brown to commit malicious criminal prosecution.'" (*Id.* (quoting Dkt. No. 115 at 17 n.8).) Plaintiffs also argue that "even assuming [Mr.] Brown was at all times acting on behalf of Reticulum, he is still individually liable for his tortious acts." (*Id.*)

The Court finds that Durham Defendants' challenge to the Court's jurisdiction fails on the merits. The Court correctly confirmed prior to trial that it has subject matter jurisdiction over Durham Defendants and Mr. Brown. On July 25, 2024, the Court found that it has subject matter jurisdiction over Plaintiffs' malicious criminal prosecution and conspiracy claims. (Dkt. No. 115 at 15-20.) Specifically, the Court found that:

> The Durham Defendants contend that "the only claim asserted against the Durham Defendants is a conspiracy claim," meaning that "Plaintiffs' allegations regarding Defendant Reticulum are the linchpin for all of their claims against the Durham Defendants." (Dkt. No. 111 at 11). However, Defendants ignore that Plaintiffs have also sued Defendant Brown for malicious criminal prosecution (in addition to Reticulum) and have alleged that the Durham Defendants conspired with Defendant Brown in committing that tort. As such, there still exists a genuine case or controversy between Plaintiffs and the Durham Defendants for the Durham Defendants' alleged conspiracy with Defendant Brown to commit malicious criminal prosecution.

(*Id.* at 17 n.8.) The Court also found that "Plaintiffs [cannot] rely upon the actions of Reticulum (**as opposed to Brown and the Durham Defendants**) to support their claim of conspiracy to commit malicious criminal prosecution." (*Id.* at 17 (emphasis added).) The Court disagrees with Durham Defendants' assertion that Mr. "Brown's conduct cannot be separated from Reticulum because every action of [Mr.] Brown was taken on behalf of, and as a representative of,

Reticulum." (Dkt. No. 150 at 3.) There is material evidence that Mr. Brown committed acts independent of Reticulum. (*E.g.*, Dkt. No. 162-2 at 437:18-439:12, 493:8-10, 493:20-494:9, 520:9-23, 521:20-523:25, 524:3-7.) Further, the Court agrees that Mr. Brown is personally liable for any torts he commits as a corporate agent. *E.g.*, *Transcor Astra Grp. S.A. v. Petrobras Am. Inc.*, 650 S.W.3d 462, 478 (Tex. 2022) ("the fact that an individual was acting in a corporate capacity does not prevent the individual from being held personally—or 'individually'—liable for the harm caused by those acts."). Plaintiffs were not required to bring their malicious criminal prosecution or conspiracy claims against Reticulum. Thus, the Court's dismissal of Reticulum from this case did not provide a basis to dismiss Plaintiffs' claim for malicious criminal prosecution in its entirety or Plaintiffs' conspiracy claim which alleged that Durham Defendants and Mr. Brown *(*independent of Reticulum) conspired to commit malicious criminal prosecution.

Accordingly, the Court finds that it has subject matter jurisdiction over Plaintiffs' malicious criminal prosecution and conspiracy claims against Durham Defendants and Mr. Brown.

## B. Legally Sufficient Evidence Exists to Support the Jury's Verdict as to Plaintiffs' Conspiracy Claim

Durham Defendants assert that "[t]here is no legally sufficient evidence to support the jury's finding that either of the Durham Defendants was engaged in any conspiracy to commit malicious criminal prosecution." (Dkt. No. 150 at 4-5.) Durham Defendants assert that "[t]here was no evidence at all that Birnam Wood was involved in any conspiracy to commit malicious criminal prosecution." (*Id.* at 5.) Durham Defendants contend that "[t]he only evidence at trial as to Birnam Wood was [Mr.] Durham's testimony that Birnam Wood was not involved at all and received no money related to the underlying transaction." (*Id.*) Durham Defendants further assert that "[t]here is legally insufficient evidence that [Mr.] Durham knew of or had any reason to believe there was any unlawful purpose or any unlawful means." (*Id.*) Durham Defendants contend that

"[t]he evidence was to the contrary, and showed that [Mr.] Durham was not involved with Mr. Watson's presentation, and his involvement was limited to preparing a summary appendix provided to [Mr.] Brown and his attorney, who then forwarded it to the District Attorney." (*Id.*)

Plaintiffs initially respond that Durham Defendants waived their challenge to the sufficiency of the evidence on Plaintiffs' conspiracy claim by not including any legal or factual support and merely offering conclusory statements. (Dkt. No. 162 at 6-7.) Plaintiffs go further and respond that even if no waiver occurred, there is legally sufficient evidence to support the Jury's verdict as to conspiracy. (*Id.* at 9-13.) Plaintiffs argue that the Jury received evidence that: (i) Birnam Wood was involved in the conspiracy to commit malicious criminal prosecution; (ii) Mr. Durham was involved in the conspiracy and "knew or had reason to believe there was any unlawful purpose or any unlawful means"; and (iii) Mr. Durham was involved with Mr. Watson's presentation. (*Id.*)

The Court finds that the Jury had a legally sufficient evidentiary basis to support its conspiracy claim finding. As an initial matter, the Motion on this basis is wholly naked. Durham Defendants fail to cite any legal authority or specific evidence. (Dkt. No. 150 at 4-5.) Durham Defendants include multiple conclusory sentences that there is "no legally sufficient evidence" and "the evidence was to the contrary," but Durham Defendants fail to provide the Court with any explanation or basis, let alone "substantial evidence," to support their assertions. *TGIP*, 527 F. Supp. 2d at 569.

Based on Durham Defendants' failure to support their request with any legal authority or record citations, the Court could, on this basis alone, find that Durham Defendants waived this challenge. However, the Court finds that Durham Defendants' challenge also fails on the merits. Contrary to Durham Defendants' conclusory assertion, the Jury received legally sufficient

evidence that "Birnam Wood was involved in the conspiracy to commit malicious criminal prosecution." (*E.g.*, Dkt. No. 162-2 at 435:9-24, 437:2-4; Dkt. No. 162-8 at 590:16-17, 595:8-13, 595:22-596:13, 596:18-597:7, 602:16-23, 604:4-605:15, 635:7-636:1, 637:15-18, 639:2-640:14.) Contrary to Durham Defendants' conclusory assertions, the Jury received legally sufficient evidence that Mr. Durham was involved in the conspiracy and "knew or had reason to believe there was any unlawful purpose or any unlawful means." (*E.g.*, Dkt. No. 162-2 at 437:2-4, 441:19-442:20, 466:12-15, 474:23-475:8, 475:12-14, 476:19-21, 477:10-12; Dkt. No. 162-8 at 591:6-18, 596:18-597:7, 604:4-605:15, 606:10-608:4, 619:7-13, 623:11-14, 624:2-9, 626:10-13, 626:18-23, 627:11-13, 627:24-628:8, 630:12-631:10, 633:17-23, 634:16-19, 635:7-636:1, 637:15-18, 638:2-639:1, 640:15-22, 641:8-21, 643:25-644:6, 644:10-645:2.) Thus, despite Durham Defendants' failure to carry their burden, the record contains legally sufficient evidence supporting the Jury's conspiracy finding.

Accordingly, the Court finds that judgment as a matter of law on this basis is not warranted.

## C. Legally Sufficient Evidence Exists to Support the Jury's Verdict as to Plaintiffs' Malicious Criminal Prosecution Claim

Durham Defendants argue that "[t]here is no legally sufficient evidence of any of the elements of malicious criminal prosecution." (Dkt. No. 150 at 5-7.) Durham Defendants assert that there was no "legally sufficient evidence to satisfy the elements of malice, lack of probable cause, and [Mr.] Dean's innocence." (*Id.* at 6-7.) Durham Defendants argue that "[t]he jury charge also failed to properly instruct the jury as to the elements of malicious criminal prosecution." (*Id.* at 5.) Durham Defendants assert that "[t]he Court erroneously decided as a matter of law that [Mr.] Brown initiated the criminal prosecutions of [Mr.] Dean, and that the criminal prosecutions terminated in his favor and did not allow the jury to consider these elements." (*Id.*)

As previously, Plaintiffs first respond that Durham Defendants waived their challenge to the sufficiency of the evidence on Plaintiffs' malicious criminal prosecution claim by not including any support and merely offering conclusory statements. (Dkt. No. 162 at 6-7.) Plaintiffs also respond that Durham Defendants' assertion that the Court failed to properly instruct the Jury "fails to call the Court's attention to the alleged error and is therefore insufficient to preserve error." (*Id.* at 13 n.26.) Plaintiffs further respond that the Jury heard legally sufficient evidence of malice, lack of probable cause, and Mr. Dean's innocence. (*Id.* at 20-23.) Plaintiffs argue that the Court properly found on summary judgment that Mr. Brown initiated the criminal proceedings against Mr. Dean. (*Id.* at 14-19.) Plaintiffs assert that the causation element of malicious criminal prosecution is satisfied if the defendant initiates *or* procures criminal proceedings against the plaintiff, but that Durham Defendants continue to improperly conflate initiation and procurement. (*Id.* at 14-15.) Plaintiffs further argue that the Court properly found on summary judgment that the criminal proceedings against Mr. Dean termination in his favor. (*Id.* at 19-20.)

The Court finds Durham Defendants' challenge to the Jury's verdict as to Plaintiff's malicious criminal prosecution claim fails for three reasons. First, the Court finds that Durham Defendants' conclusory assertion that the Court failed to properly instruct the jury as to the elements of malicious criminal prosecution is unavailing. Durham Defendants fail to explain or argue what, specifically, about the Jury charge was improper. Instead, Durham Defendants dedicated a single conclusory sentence that the Court's charge to the Jury was improper. (Dkt. No. 150 at 5.) Not only does the Court find that Durham Defendants have wholly failed to meet their burden on this issue, but the Court does not find that any possible error has been preserved.

Second, the Court finds unpersuasive Durham Defendants' conclusory assertion that the Court erroneously found that Mr. Brown initiated the criminal proceedings against Mr. Dean and

that the criminal proceedings terminated in Mr. Dean's favor. At the pretrial conference, the Court

heard argument and granted-in-part Plaintiffs' Motion for Partial Summary Judgment on Elements

of their Affirmative Claims (Dkt. No. 19). (Dkt. No. 130.) The Court found as follows:

> The motion was **GRANTED-IN-PART**. As to the element of malicious criminal
> prosecution requiring that the prosecution terminated in Plaintiff Dean's favor, the
> Court found that termination of the prosecution in the plaintiff's favor does not
> require termination on the merits and that there was no dispute that the dismissal
> was not brought about by the conduct of Mr. Dean. The Court found that the
> undisputed facts were sufficient to establish that the criminal proceedings were
> terminated in Plaintiff Dean's favor. As to the element of "initiation or
> procurement," the Court found that there is no genuine dispute of material fact that
> Defendant Brown initiated the criminal proceedings against Mr. Dean. As such, the
> motion was **GRANTED** as to these two issues.

(*Id.* at 3.) Durham Defendants' Motion seems to hinge on the same improper conflation of initiation

and procurement. Under Texas law, to satisfy the causation element, the plaintiff must establish

that the defendant initiated **or** procured the prosecution. *Browning-Ferris Indus., Inc. v. Lieck*, 881

S.W.2d 288, 292 (Tex. 1994) (citing Restatement (Second) of Torts § 653) (emphasis added). The

causation requirement is disjunctive. A defendant may "initiate" a criminal prosecution by making

a formal charge to a prosecutor or law enforcement official. *Id.* It is undisputed that Mr. Brown

filed the criminal complaint against Mr. Dean on January 31, 2018. (Dkt. No. 162-2 at 490:3-18.)

Durham Defendants assert that "[t]here is no evidence that the filing of a formal complaint was an

act that initiated a criminal prosecution." (Dkt. No. 150 at 7.) However, Plaintiffs presented

evidence directly to the contrary. (*E.g.*, Dkt. No. 162-8 at 761:18-23 (testimony from Durham

Defendants' expert Kevin Brooks that "[w]hat initiated the process was the complaint form that

was filed.").) Durham Defendants assert that "[t]here was no evidence that the Special Crimes

Division's complaint form is a sufficient way to initiate a criminal proceeding under this tort."

(Dkt. No. 150 at 7.) Durham Defendants argue that the trial testimony supports the opposite

conclusion but, again, they fail to provide any record citations. The Court disagrees with Durham

Defendants' unsupported assertion and finds that the trial testimony supports the Court's finding. (*E.g.*, Dkt. No. 162-2 at 490:3-18, 493:8-10, 493:20-495:4; Dkt. No. 162-8 at 761:18-23.) Further, the Court properly found that it was undisputed that the criminal proceedings were terminated in Mr. Dean's favor. *E.g.*, *Izen v. Catalina*, 256 F.3d 324, 328 (5th Cir. 2001) ("Texas courts have held that a prosecution has been terminated in the accused's favor where the prosecutor has dismissed the charges.") (collecting cases); *Davis v. City of San Antonio*, 752 S.W.2d 518, 523 (Tex. 1988); *Soon Phat, L.P. v. Alvarado*, 396 S.W.3d 78, 93 (Tex. App. 2013).

Third, the Court finds that the Jury had a legally sufficient evidentiary basis to satisfy the elements of malice, lack of probable cause, and Mr. Dean's innocence. Concerning malice, the Jury heard testimony that Mr. Brown and Mr. Durham discussed that "the only way [they] could get any recovery is if Barrett [Dean] and Jacob [Watters] are found to have committed a felony and we can get a personal judgment [sic] against both" (Dkt. No. 162-2 at 475:3-8; Dkt. No. 162-8 at 624:2-9.) The Jury heard testimony from Mr. Brown that he brought charges against Mr. Dean because Mr. Dean "pissed" him off and that he was "glad to learn [Mr. Dean] spent the night in jail." (Dkt. No. 162-2 at 478:25-479:2, 495:5-14.) The Jury heard additional testimony that supports the Jury's finding of malice. (*E.g.*, *id.* at 206:15-207:10, 346:14-347:16, 448:20-449:7, 451:8-15, 457:1-458:4, 458:19-459:1, 482:24-483:4, 495:15-23, 496:1-497:1; Dkt. No. 162-8 at 581:17-21, 583:15-18, 608:22-609:21, 610:4-6.) Concerning probable cause, the Jury heard evidence that Durham Defendants knew their allegations against Mr. Dean were false and that they withheld material exculpatory facts in connection with their criminal referral to the District Attorney's Office. (*E.g.*, Dkt. No. 162-2 at 207:5-12, 346:18-347:10, 347:11-16, 448:20-449:7, 451:8-15, 457:1-458:4, 458:19-459:1, 461:8-11, 471:20-473:9, 482:24-483:5, 486:10-21, 488:13-489:25, 495:18-21; Dkt. No. 162-8 at 608:22-609:21, 610:4-6, 622:19-623:17, 626:14-627:1,

627:11-13.) The Jury also heard evidence of Durham Defendants' pattern of dishonesty. (*E.g.*, Dkt. No. 162-2 at 218:9-24, 227:8-19, 483:7-16, 488:2-489:25; Dkt. No. 162-8 at 678:3-679:4.) Finally, the Jury heard sufficient evidence of Mr. Dean's innocence. (*E.g.*, Dkt. No. 162-2 at 204:25-207:10, 328:18-329:2, 346:14-348:2, 348:25-349:1, 352:8-11, 450:13-15.) Thus, despite Durham Defendants' failure to carry their burden, the record contains legally sufficient evidence supporting the Jury's malicious criminal prosecution finding.

Accordingly, the Court finds that judgment as a matter of law on this basis is not warranted

### D.   Legally Sufficient Evidence Exists to Support the Jury's Verdict as to Compensatory Damages

Durham Defendants assert that "[t]here is no legally sufficient evidence to support the jury's compensatory damages findings." (Dkt. No. 150 at 8.) Durham Defendants assert that "[t]here was no legally sufficient evidence of damages for reasonable attorney's fees and costs from defending the underlying criminal proceedings, medical expenses, physical pain and suffering, mental or emotional pain, mental anguish, emotional distress, inconvenience, loss of enjoyment of life, and harm to Mr. Dean's reputation." (*Id.*)

Plaintiffs initially respond, again, that Durham Defendants waived their challenge to the sufficiency of the evidence concerning compensatory damages by not including any legal or factual support and merely offering conclusory statements. (Dkt. No. 162 at 6-7.) Plaintiffs further respond that there is legally sufficient evidence to support the Jury's compensatory damages award. (*Id.* at 23-27.) Plaintiffs argue that "Durham Defendants ignore the fact that Plaintiffs are not required to prove the amount of their damages with mathematical precision, only with as much definiteness and accuracy as the circumstances permit." (*Id.* at 24.) Plaintiffs assert that "the jury heard [Mr.] Dean's testimony that he paid $25,000 in attorney's fees and an $850 bond in connection with the underlying criminal proceedings." (*Id.*) Plaintiffs assert that the Jury "also

heard testimony from both [Mr.] Dean and his wife, Stephanie Dean, regarding the severe mental, physical, emotional, financial, and reputational toll the criminal proceedings and threat of criminal conviction took on [Mr.] Dean." (*Id.* at 25.) Plaintiffs assert that "[t]he jury also heard testimony from [Mr.] Dean that he required medical treatment and incurred medical bills in connection with his mental, physical, and emotional injuries." (*Id.*) Plaintiffs contend that Plaintiffs offered Mr. Dean as a lay witness, who "properly testified about his opinions based on his own perception (and not any scientific, technical, or specialized knowledge) to help the jury understand his injuries and the damages he sustained." (*Id.*) Plaintiffs argue that "[t]he jury heard legally sufficient evidence to enable it to determine a reasonable number to compensate for [Mr.] Dean's injuries and non-economic harm (including reputational harm in the form of loss of business opportunities) resulting from Defendants' malicious prosecution and conspiracy against him." (*Id.* at 26-27.)

The Court finds that the Jury had a legally sufficient evidentiary basis to support its compensatory damages award. Once more, Durham Defendants' Motion on this basis fails to cite any legal authority or specific evidence to support their arguments and assertions. (Dkt. No. 150 at 8.) Durham Defendants include several conclusory sentences that there is "no legally sufficient evidence" and "legally insufficient evidence," but Durham Defendants fail to provide the Court with any specific explanation or basis, let alone "substantial evidence," to support their arguments and assertions. *TGIP*, 527 F. Supp. 2d at 569.

Additionally, Durham Defendants failed to raise any challenge at the 50(a) stage to the sufficiency of evidence as to compensatory damages for mental and emotional pain, inconvenience, or loss of enjoyment. "A party that fails to move for judgment as a matter of law under Rule 50(a) on the basis of insufficient evidence at the conclusion of all of the evidence waives its right to file a renewed post-verdict Rule 50(b) motion, and also waives its right to

challenge the sufficiency of the evidence on appeal." *United States ex rel. Wallace v. Flintco Inc.*, 143 F.3d 955, 960 (5th Cir. 1998). Thus, Durham Defendants waived any challenge to the Jury's compensatory damages award on these bases.

Based on Durham Defendants' failure to support their request with legal authority or record citations, the Court could, on this basis alone, find that Durham Defendants waived this challenge. However, the Court finds that Durham Defendants' challenge also fails on the merits. The Court agrees that Plaintiffs were "not required to prove the amount of their damages with mathematical precision, only with as much definiteness and accuracy as the circumstances permit." The Court further agrees that Mr. Dean properly testified as a lay witness to help the Jury understand his injuries and the damages he sustained. The Jury heard testimony regarding Mr. Dean's attorney's fees and costs in connection with the underlying criminal proceedings. (*E.g.*, Dkt. No. 162-2 at 246:2-9.) The Jury heard testimony regarding the medical treatment Mr. Dean required and the medical bills he incurred in connection with his mental, physical, and emotional injuries. (*E.g.*, *id.* at 246:10-19.) The Jury heard testimony regarding the severe mental, physical, emotional, financial, and reputational toll the criminal proceedings and threat of criminal conviction took on Mr. Dean. (*E.g.*, *id.* at 229:13-233:15, 240:24-242:4; Dkt. No. 162-8 at 691:11-694:19.) The Jury also heard testimony regarding the harmful impact Mr. Dean's indictments had on his reputation and business. (*E.g.*, Dkt. No. 162-2 at 233:22-234:6, 235:1-239:3, 240:1-6, 240:1-23, 249:8-249:21, 251:17-252:24; Dkt. No. 162-8 at 555:22-557:1.) Thus, despite Durham Defendants' failure to carry their burden, the record contains legally sufficient evidence supporting the Jury's compensatory damages award.

Accordingly, the Court finds that judgment as a matter of law on this basis is not warranted

**E.    Legally Sufficient Evidence Exists to Support the Jury's Verdict as to Exemplary Damages**

Durham Defendants assert that "[t]here is no legally sufficient evidence to support the jury's exemplary damages findings, including their finding that Plaintiffs proved by clear and convincing evidence that the conduct of the Durham Defendants was done with fraud, malice, or gross negligence." (Dkt. No. 150 at 9.) Durham Defendants contend that "[t]here was no evidence that [Mr.] Durham was involved with Mr. Watson or that [Mr.] Durham had any malicious motive[,] [n]or is there any legally sufficient evidence that [Mr.] Durham had any knowledge of any malice by [Mr.] Brown before the criminal complaint was initiated or procured." (*Id.*)

Plaintiffs initially respond, again, that Durham Defendants waived their challenge to the sufficiency of the evidence concerning exemplary damages by not including any legal or factual support and merely offering conclusory statements. (Dkt. No. 162 at 6-7.) Plaintiffs further respond that the Jury was presented legally sufficient evidence to support exemplary damages. (*Id.* at 27-29.) Plaintiffs assert that "the jury heard clear-and-convincing evidence that the Durham Defendants acted with fraud, malice, and/or gross negligence in furtherance of the goal of getting a felony indictment of [Mr.] Dean and that they knowingly misrepresented facts and concealed information to ensure that happened." (*Id.* at 27-28.) Plaintiffs assert that "the jury heard that [Mr.] Durham lied time and time again to support the Durham Defendants' client, [Mr.] Brown, in furtherance of their shared objective of getting [Mr.] Dean indicted for a felony." (*Id.* at 28-29.) Plaintiffs also assert that "[t]he jury also heard evidence of the nature of the harm Defendants knowingly, intentionally, and/or recklessly caused to [Mr.] Dean and how it affected him, his family, his career, and his reputation." (*Id.*)

The Court finds that the Jury had a legally sufficient evidentiary basis to support its exemplary damages award. Once more, Durham Defendants' Motion on this basis fails to cite any

legal authority or specific evidence to support their assertions. (Dkt. No. 150 at 9.) Durham Defendants include multiple conclusory sentences that there is "no legally sufficient evidence" and "no evidence," but Durham Defendants fail to provide the Court with any explanation or basis, let alone "substantial evidence," to support their assertions. *TGIP*, 527 F. Supp. 2d at 569.

Based on Durham Defendants' failure to support their request with any legal authority or record citations, the Court could, on this basis alone, find that Durham Defendants waived this challenge. However, the Court finds that Durham Defendants' challenge also fails on the merits. The Court agrees with Plaintiffs that the Jury heard sufficient evidence to support its finding that Durham Defendants acted with fraud, malice, and/or gross negligence in furtherance of the goal of getting a felony indictment of Mr. Dean and that Durham Defendants knowingly misrepresented facts and concealed information to ensure that happened. (*E.g.*, Dkt. No. 162-8 at 612:10-614:23, 622:19-624:9, 625:3-626:23, 627:24-628:12, 629:7-25, 630:12-631:10, 637:15-18, 645:3-19, 674:7-675:10, 676:5-677:9, 678:3-679:4.) Contrary to Durham Defendants' assertion, the Jury heard sufficient evidence that Mr. Durham was involved with Mr. Watson and that Mr. Durham knew of Mr. Brown's malice before the criminal complaint was initiated or procured. (*E.g.*, *id.*) Thus, despite Durham Defendants' failure to carry their burden, the record contains legally sufficient evidence supporting the Jury's exemplary damages award.

Accordingly, the Court finds that judgment as a matter of law on this basis is not warranted.

### F.    Durham Defendants' Waived Their Conflict of Interest Challenge

Durham Defendants assert, by allegedly incorporating their motion dismiss (Dkt. No. 111), that "there is a fundamental conflict of interest in Plaintiffs' counsel also representing Reticulum through its ownership of Fiduciario." (Dkt. No. 150 at 9.) Durham Defendants also assert that Plaintiffs' counsel's representation of Fiduciario presents another conflict. (*Id.*)

Plaintiffs respond that Durham Defendants waived their conflict of interest argument for failing "to object during trial to any alleged conflict of interest and … to specifically rais[ing] (or timely rais[ing]) th[is] issue[] before trial." (Dkt. No. 162 at 2-3.) Plaintiffs contend that Durham Defendants raised this issue for the first time during their oral 50(a) motions and the Court found that Durham Defendants waived this argument. (*Id.* at 2.) Plaintiffs argue that "where, as here, a party waives pre-trial arguments by failing to object to those issues during trial, a Rule 50(a) motion cannot preserve them, and they cannot be renewed in a Rule 50(b) motion." (*Id.*) Plaintiffs further argue that Durham Defendants waive their conflict of interest argument by failing to cite any legal authority in the Motion, in violation of the Federal Rules and Local Rules. (*Id.* at 3.)

The Court finds that Durham Defendants waived any argument that a conflict of interest exists. As Durham Defendants' counsel admitted during the oral 50(a) motions:

> MR. WEBSTER: Your Honor, I apologize. There is one issue that I just wanted to raise in order to preserve any error, that we believe there is a fundamental conflict in the counsel that's representing both the Plaintiffs in this case and Reticulum through its ownership of Fiduciario. While they maintained --
>
> THE COURT: Well, wait, wait, wait a minute. This is something brand new? I've not heard this? It's never been raised before to my knowledge.
>
> MR. WEBSTER: *That is correct, Your Honor.*
>
> THE COURT: So you're going to raise a new issue at the Rule 50(a) stage after the close of all the evidence?
>
> MR. WEBSTER: Your Honor, I only intend to preserve any objection because we haven't been able to analyze this issue because we were not --
>
> THE COURT: You haven't made any objection. You haven't objected that there's a conflict between Plaintiffs' counsel. Not that I can recall. When did you ever make that objection before this moment?
>
> MR. WEBSTER: In the motion for summary judgment or motion to dismiss that the Court granted regarding the inclusion of Reticulum, we did claim that Reticulum's counsel appeared to be represented by Plaintiffs' counsel, and the Court made a ruling on that. The only additional thing that I wanted to raise just out

of an abundance of caution is that Defense -- we understand that Plaintiffs' counsel likely does represent Fiduciario.

(Dkt. No. 162-1 at 846:2-847:3 (emphasis added).) Durham Defendants assert that they raised this issue in their motion to dismiss. The Court disagrees.[2] While Durham Defendants included a sentence or two in their motion to dismiss that they believe Plaintiffs' counsel also represents Reticulum, Durham Defendants' motion to dismiss did not raise any conflict of issue challenge on this basis. (*See* Dkt. No. 111.) If Durham Defendants thought there was a conflict of interest issue that the Court did not address in ruling on the motion to dismiss, Durham Defendants should have sought leave to file a motion or sought clarification from the Court. Further, Durham Defendants never objected or re-raised this issue prior to or at any time during trial. Instead, Durham Defendants hid behind the log and raised this issue for the first time during the oral 50(a) motions.[3]

Accordingly, the Court finds that judgment as a matter of law on this basis is not warranted.

## G.    Durham Defendants' Waived Their Double Recovery Challenge

Durham Defendants assert that "[t]here is legally insufficient evidence that both Plaintiffs Veritas Vincit and William Barrett Dean suffered damages given that Veritas bought [Mr.] Dean's claims in his bankruptcy proceeding." (Dkt. No. 150 at 9.)

Plaintiffs respond that Durham Defendants waived their double recovery challenge for failing "to object during trial to any alleged conflict of interest and … to specifically rais[ing] (or timely rais[ing]) th[is] issue[] before trial." (Dkt. No. 162 at 2-3.) Plaintiffs contend that Durham Defendants raised this issue for the first time during their oral 50(a) motions and the Court found

---

[2] The Court agrees with Plaintiffs that Durham Defendants' attempt to incorporate by reference the entirety of their motion to dismiss is improper. Durham Defendants cannot merely incorporate by reference a prior pleading to satisfy their burden with respect to this Motion. (*E.g.*, Local Rule CV-7(c) ("The motion and any briefing shall be contained in one document. The briefing shall contain a concise statement of the reasons in support of the motion and citation of authorities upon which the movant relies.").)

[3] As with every other basis, Durham Defendants failed to cite to any legal authority or specific evidence to support their conflict of interest challenge. (Dkt. No. 150 at 9.)

that Durham Defendants waived this challenge. (*Id.*) Plaintiffs argue that "where, as here, a party waives pre-trial arguments by failing to object to those issues during trial, a Rule 50(a) motion cannot preserve them, and they cannot be renewed in a Rule 50(b) motion." (*Id.*) Plaintiffs argue that Durham Defendants waive their double recovery argument by failing to cite legal authority or any specific facts in the Motion, in violation of the Federal Rules and Local Rules. (*Id.*)

As with Durham Defendants' conflict of interest challenge, the Court finds that Durham Defendants waived this issue by not raising it before the oral 50(a) motions and failing to raise any objection prior to or at any time during trial. Further, even if Durham Defendants did not waive this argument, the Jury heard legally sufficient evidence that both Veritas Vincit, LLC and Mr. Dean suffered damages.[4] (*E.g.*, Dkt. No. 162-2 at 242:7-243:1; Dkt. No. 162-3 at 117:6-17.)

Accordingly, the Court finds that judgment as a matter of law on this basis is not warranted.

### H.    Durham Defendants' Request for a New Trial, Amend or Alter the Judgment, and Grant a Remittitur is Unpersuasive

Durham Defendant assert that "the Court should grant a new trial or alter or amend the judgment to remove the Durham Defendants from any liability to Plaintiffs under Rule 59." (Dkt. No. 150 at 9.) In the alternative, Durham Defendants assert that "the Court should grant a remittitur because the damages awards against the Durham Defendants are 'excessive or so large as to appear contrary to right reason.'" (*Id.* at 10 (quoting *Brunnemann v. Terra Int'l, Inc.*, 975 F.2d 175, 178 (5th Cir. 1992).)

Plaintiffs respond that the Court should deny Durham Defendants' request for a new trial because "not only did the Court oversee a fair trial, … the jury's verdict is supported by sufficient evidence on every issue raised in the Durham Defendants' Motion." (Dkt. No. 162 at 29.) Plaintiffs

---

[4] As with every other basis, Durham Defendants failed to cite to any legal authority or specific evidence to support their double recovery challenge. (Dkt. No. 150 at 9.)

respond that the Court should deny Durham Defendants' request to alter or amend the Judgment "because their conclusory Motion fails to articulate any 'manifest error of law' or present any 'newly discovered evidence.'" (*Id.* at 29-30.) Plaintiffs further respond that the Court should deny Durham Defendants' request for "remittitur because, other than the fact that the Durham Defendants simply do not agree with the jury's damages numbers, they fail in their Motion to specify how the jury's award is contrary to 'right reason' and to what extent the Court should reduce the jury's damages award." (*Id.* at 30.)

The Court does not find that a new trial, amendment or alteration of the Judgment, or remittitur is warranted. While Durham Defendants state that "the Court should grant a new trial or alter or amend the judgment to remove the Durham Defendants from any liability to Plaintiffs under Rule 59," Durham Defendants fail to cite any legal authority or specific evidence, let alone make any argument, as to why the Court should grant their request. (Dkt. No. 150 at 9-10.) "Courts do not grant new trials unless it is reasonably clear that prejudicial error has crept into the record or that substantial justice has not been done, and the burden of showing harmful error rests on the party seeking the new trial." *Metaswitch Networks Ltd. v. Genband US LLC*, No. 2:14-cv-00744-JRG, 2017 WL 3704760, at *2 (E.D. Tex. Aug. 28, 2017). Durham Defendants have failed to meet their burden to establish that a new trial is warranted or that alteration or amendment to the Judgment is necessary. In similar vein, Durham Defendants fail to support their conclusory request that the "the Court should grant a remittitur because the damages awards against the Durham Defendants are 'excessive or so large as to appear contrary to right reason.'" (Dkt. No. 150 at 10.) Durham Defendants do not specify how the Jury's damages awards were too excessive or to what extent the Court should reduce the Jury's damages awards. (*Id.*) The Court finds that Durham Defendants failed to meet their burden on this basis as well.

Accordingly, the Court declines to exercise its discretion to grant a new trial, amend or alter the Judgment, or grant a remittitur.

## III.    CONCLUSION

For the foregoing reasons, the Court finds that Durham Defendants' Motion (Dkt. No. 150) should be and hereby is **DENIED**. The Court further **DENIES AS MOOT** Plaintiffs Veritas Vincit, LLC's and William Berry Dean, III's Unopposed Motion for Hearing on Durham Defendants' Post-Trial Motion for Judgment as a Matter of Law (ECF No. 150) (Dkt. No. 165).

**So ORDERED and SIGNED this 18th day of August, 2025.**

RODNEY  GILSTRAP
UNITED STATES DISTRICT JUDGE